IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST SESSION, 1998

FILED

November 24, 1998
Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9604-CR-00119 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| VS. | ) | SHELBY COUNTY |
| | ) | |
| | ) | HON. W. FRED AXLEY |
| DERRICK C. BROOKS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Felony-Murder) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

BRETT B. STEIN
236 Adams Avenue
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

WILLIAM GIBBONS
District Attorney General

EDGAR A. PETERSON, IV
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right from his conviction of first degree murder. His conviction was entered upon a jury verdict finding him guilty of murder committed during the perpetration of an aggravated burglary. He was sentenced to imprisonment for life. We affirm the judgment of the trial court.

In this appeal, the Defendant argues three issues: (1) that the evidence presented was insufficient to support the jury's finding of guilt beyond a reasonable doubt; (2) that the trial court erred in allowing the State to introduce as evidence a picture of the victim at the scene of the crime; and (3) that the trial court erred in its instruction to the jury concerning the definition of reasonable doubt.

We first review the basic facts. Andrew Ewing, who was a friend of the Defendant, had been involved in an altercation with a man named Willie Fifer. The two men had fought and Ewing apparently believed he had a score to settle with Fifer. At about 2:30 a.m. on March 21, 1994, Ewing went to Fifer's residence. The Defendant accompanied him. Ewing was armed with a stick and the Defendant was armed with a pistol. The two men approached the front door of Fifer's residence, and Ewing kicked in the door. As the Defendant and Ewing entered the residence, Fifer ran down a hall and, after being struck in the head with the stick by Ewing, Fifer was able to gain entrance into a bedroom occupied by Marlo Terry and Terry's girlfriend. Terry leaned against the bedroom door in

order to try to keep Ewing or the Defendant from entering the bedroom. As he did so, the Defendant fired four shots from the pistol through the closed bedroom door. One of the shots struck and killed the victim, Marlo Terry. Both the Defendant and Ewing were charged with felony murder for the killing of the victim during the perpetration of an aggravated burglary. The State charged that the Defendant and Ewing had entered the residence of Fifer with the intention to commit an aggravated assault. The jury found both the Defendant and Ewing guilty of felony murder as charged.

The Defendant first argues that the evidence is insufficient to support a finding that at the time he entered the dwelling, he intended to commit an aggravated assault as charged in the indictment. When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this Court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this Court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474,

476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

An assault occurs if a person intentionally, knowingly, or recklessly causes bodily injury to another, intentionally or knowingly causes another to reasonably fear imminent bodily injury, or intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative. Tenn. Code Ann. § 39-13-101. The assault is an aggravated assault if it causes serious bodily injury to another person or if the person committing the assault uses or displays a deadly weapon. Id. § 39-13-102(a)(1).

We believe that the evidence introduced by the State is sufficient to support the finding of the jury that the Defendant entered the residence where the victim was killed with the intention of participating in an aggravated assault. Andrew Ewing had an altercation with Willie Fifer. Ewing's girlfriend testified that Ewing had said he was going to get back at Fifer because of their previous altercation. Ewing's uncle rode with Ewing to Fifer's house. On the way to the house, Ewing stopped the vehicle at a house, honked the horn, and the

-4-

Defendant came out and got in the car. They drove further, and Ewing stopped the car and said "There the house is right there." Andrew Ewing and the Defendant got out of the car and together walked up to the Fifer house. Ewing was armed with a large stick, and the Defendant was armed with a loaded pistol. Ewing kicked in the door, and both Ewing and the Defendant entered the residence. As Fifer retreated down a hallway, he was struck with the stick by Ewing. He gained entrance into a bedroom, and Marlo Terry tried to keep the door to the bedroom closed so that the intruders could not get in. The Defendant fired four rounds from the pistol through the door, and one of the shots struck and killed Marlo Terry. In his statement, the Defendant said that he shot the gun through the door because "I thought somebody in there was going to get a gun and shoot at me with it." He said that he did not mean to kill anybody and did not even know the name of the individual he killed.

From this evidence, we believe the jury could have found either that the Defendant entered the residence for the purpose of aiding Andrew Ewing in committing an aggravated assault, that the Defendant entered the dwelling for the purpose of committing an aggravated assault himself, or that the Defendant entered both for the purpose of assisting Ewing and committing the aggravated assault himself. This issue is without merit.

The Defendant next argues that the trial court erred in allowing the introduction of a photograph of the victim's body as it lay at the scene of the crime. The photograph was offered to show the position of the body in relation

to the door and other objects in the room.  The photograph was clearly relevant.

Because all relevant evidence is generally admissible, this photograph was

admissible unless it should have been excluded because its probative value was

substantially outweighed by the danger of unfair prejudice.  State v. Banks, 564

S.W.2d 947, 951 (Tenn. 1978).  While some blood is shown on the victim's

clothing in the photograph, the photograph is not such that we consider it to be

gruesome or horrifying.  The trial judge did not abuse his discretion in admitting

the photograph.  This issue is without merit.

As his final issue, the Defendant argues that the trial judge erred in

instructing the jury concerning the definition of "reasonable doubt."  We first note

that the Defendant neither objected to this portion of the charge nor requested

additional instructions concerning the meaning of "reasonable doubt."  Although

we agree with the State that the Defendant has waived this issue for failure to

request a particular jury instruction and failure to object to the instruction given,

we elect to proceed and consider the merits of this claim.[1]

The trial court's instruction concerning the meaning of "reasonable doubt" was as follows:

> A reasonable doubt is a doubt based upon reason and common sense after
> careful and impartial consideration of all the evidence in this case.
> It is not necessary that the defendant's guilt be proved beyond all possible
> doubt, as absolute certainty of guilt is not demanded by the law to convict of any
> criminal charge.

---

[1] In the briefs submitted on behalf of the Defendant, counsel inaccurately quotes from the trial court's jury instruction and adds language which is not contained in the instruction provided in the record.  Further, counsel's citation to the record on this issue is incorrect and inaccurate as to both volume and page of the record.  Counsel is advised to exercise more care in the preparation of appellate briefs.

A reasonable doubt is just that -- a doubt that is reasonable after an examination of all the facts of this case.

If you find the State has not proven every element beyond a reasonable doubt, then you should find the defendant not guilty.

The Defendant argues that these instructions are so confusing and contradictory that the jury could have "easily applied a lesser burden of proof as that which is required in order to convict." The Defendant acknowledges that this Court has upheld virtually identical jury instructions concerning reasonable doubt but "respectfully disagrees" with these decisions of this Court.

We do not find the jury instruction to be constitutionally deficient. We find no reasonable likelihood that the jury understood this instruction to permit them to convict the Defendant after anything but a process of careful deliberation or upon anything less than proof beyond a reasonable doubt. See State v. James Earl Somerville, No. 02C01-9608-CC-00289, 1997 WL 627630, at *3 (Tenn. Crim. App., Jackson, Oct. 13, 1997), perm. to appeal denied, (Tenn. 1998); State v. Derek Denton, No. 02C01-9409-CR-00186, 1996 WL 432338, at *7-9 (Tenn. Crim. App., Jackson, Aug. 2, 1996); State v. Jose Holmes, No. 02C01-9505-CR-00154, 1997 WL 759429, at *3-4 (Tenn. Crim. App., Jackson, Dec. 10, 1997), perm. to appeal denied, (Tenn. 1998); State v. Melvin Edward Henning, No. 02C01-9703-CR-00126, 1997 WL 661455, at *7-9 (Tenn. Crim. App., Jackson, Oct. 24, 1997).

The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____

JERRY L. SMITH, JUDGE


_____

JOHN K. BYERS, SENIOR JUDGE